UNITED STATES, Appellee

v.

GEORGE OTHO ANDERSON, Fireman, U. S. Navy, Appellant

2 USCMA 606, 10 CMR 104

No. 1569

Decided June 3, 1953

CAPT P. H. Williams, USMCR, for Appellant.
CDR Richard J. Selman, USN, and CAPT Carl G. Lutz, USMC, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case is before us on certification from The Judge Advocate General, United States Navy, requesting that we determine whether the special court-martial which tried the accused considered improperly four previous convictions in adjudging the sentence.

The accused was tried by special court-martial at the United States Naval Receiving Station at San Diego, California, on February 1, 1952, for two offenses in violation of Articles 95 and 86 of the Uniform Code of Military Justice, 50 USC §§ 689 and 680, namely breaking arrest and absence without leave. He pleaded guilty to, and was found guilty of, both charges. He was sentenced to a bad-conduct discharge, forfeitures of $60.00 per month for three months, confinement for six months, and reduction in grade. Four previous convictions were considered by the court-martial in assessing punishment. The convening authority reduced the forfeitures to $58.00 per month, and the supervisory authority reduced the confinement to five months, but otherwise approved the sentence. The board of review eliminated the bad-conduct discharge, with the result that the final sentence was forfeitures of $58.00 a month for three months, five months' confinement, and reduction in rating.

At the conclusion of the trial and

606

after the findings of guilty had been announced, trial counsel stated that he had evidence of previous convictions for offenses committed during the current enlistment of the accused. He asked that the pages of the accused's service record which reflected these convictions be marked as exhibits. Each was shown to defense counsel who was asked if there was any objection. When defense counsel informed the court he had none, trial counsel read the contents of the extracts into evidence and requested that copies be appended to the record. That the procedure used in introducing these previous convictions in evidence was consistent with the rule approved by us in United States v Castillo (No. 449), 3 CMR 86, decided May 2, 1952, is conceded by the parties so we need not pursue further that aspect of the certified question.

The first three previous convictions did not involve punitive discharges and their admissibility was considered by the board of review. The board followed the reasoning announced by us in United States v. Tiedemann (No. 615), 5 CMR 23, decided August 15, 1952, and held rightly they could be considered. Neither party has assailed this holding. Thus while the certificate may have intended an opinion broader in scope, the issues are narrowed to the single question of whether the fourth conviction could be used legally to increase the punishment.

The evidence of that conviction shows that on October 4, 1951, accused was convicted by special court-martial of absence without leave and missing ship. He was sentenced to receive a bad-conduct discharge, to forfeit $65.00 per month for three months, and to be confined at hard labor for three months. On October 24, 1951, the convening authority reduced the forfeiture to $60.00 per month for three months and otherwise approved. On December 6, 1951, the officer exercising general court-martial jurisdiction approved, stating that the record would be sent to The Judge Advocate General of the Navy for reference to a board of review. On December 26, the order promulgating the result of trial was published.

In United States v. Larney (No. 775), 10 CMR 61, decided May 29, 1953, we extended the rule of the Tiedemann case to evidence of a previous conviction in which the sentence included a bad-conduct discharge. There we stated:

"Government counsel concede the record does not affirmatively disclose completion of appellate review, but contend in line with the doctrine of the Tiedemann case, that if the accused desires to contest the finality of the former judgment of conviction, the burden is placed on him to rebut the prima facie showing made when an order promulgating the result of trial or a service record entry of conviction is in evidence. We concur with that contention. The issue involves post finding procedure and concerns a matter as to who carries the burden of proof. Paragraph 75 b(2), page 120, of the Manual for Courts-Martial, United States, 1951, provides: 'Unless the accused has been tried for an offense within the meaning of Article 44b, Uniform Code of Military Justice, evidence as to the offense is not admissible as evidence of a previous conviction.' Article 44b provides in substance that a proceeding in which accused has been found guilty shall not be held to be a trial until review of the case has been fully completed. However, the quoted provision above and the Article must be construed in the light of other provisions of paragraphs 75b and 68d of the Manual, supra. In substance they both permit previous offenses to be proven by the order promulgating the results of trial or by extract copies from the service record. The order of publication referred to in the Manual is the initial order as the phrase has long been used to identify that particular order and subsequently issued orders are otherwise designated. Therefore, if we are to give force and effect to all of the provisions bearing on this issue, then it necessarily follows that when an order publishing the result of trial or a service record entry showing conviction and the promulgation of the result of trial is admitted in evidence a prima facie

**607**

showing of a former conviction has been established. The showing may be overcome by other evidence in the record or it may be rebutted by the accused, but unless there is evidence in the record from which it can be determined that subsequent steps required by the particular findings and sentence have not been completed, the conviction may be used as a basis for increasing the severity of the sentence. In this case the prima facie showing remains unassailed and the conviction could have been used. The ruling of the board of review on this issue was incorrect."

That case is dispositive of the issue unless the record contains evidence which overcomes the prima facie showing of finality. The majority of the board of review contended that there were three circumstances present which, when considered together, accomplished that result. They were: (1) The extract copy from the service record shows on its face that the order by the officer exercising general court-martial jurisdiction promulgating the result of the former trial was not published until December 26, 1951; that the trial of the present case was held on February 1, 1952; and that the short interval of time between the two events made it unlikely that finality had been achieved; (2) the status of the accused at the time of trial indicated that the previous punitive discharge had not been executed; and (3) the statement made by defense counsel in mitigation that accused was awaiting action on a bad-conduct discharge disclosed lack of finality.

The second and third circumstances do not give us concern as there could be an interval of time between the date of final approval and the date the sentence was executed. However, the first item is adequate to support the holding of the board of review. We suppose that no one would contend that appellate processes on a conviction which automatically required an appeal to a board of review could be completed in a single day. The period can be enlarged and yet the time may remain so short that anyone would be put on notice that the appeal could not be

608

final within the meaning of Article 44b, Uniform Code of Military Justice, 50 USC § 619. Accordingly, an exhibit which shows the improbability of a final conviction would, in and of itself, overcome the prima facie showing made by a service record entry or order promulgating the results of trial. While in United States v. Tiedemann, supra, we placed the burden on the accused to overcome the prima facie showing, we did not suggest that the Government could not supply the evidence. In United States v. Larney, supra, we stated the showing could be overcome by other evidence in the record and that pronouncement is applicable to this case. While the board of review based its decision and the parties in this Court limit their discussion to the minimum time involved in processing an appeal from the officer exercising general court-martial jurisdiction through a board of review, we broaden the base. The record of trial of the former action cleared the officer exercising general court-martial jurisdiction on December 26, 1951, and this cause was tried on February 1, 1952. The time interval was thirty-six days and the board of review concluded this was too short a period to permit a conclusion that the board of review could have acted. We need not express an opinion on whether the board was declaring certain what was uncertain because finality did not rest there. The sentence involved a bad-conduct discharge and the appeal is not final under Article 44b, supra, when the board of review acts. The accused has thirty days after notice of that action to file a petition for review with this Court and certainly any finality could not attach until that period had expired. If we, therefore, subtract a suppositious thirty-day appeal period from the time involved, there would remain a six-day period in which the board of review would have been required to act to have rendered appellate processes complete. We believe anyone familiar with military procedure would know that a board of review could not receive, review and act on a case in that short time. As a matter of importance, the time the papers would be in transit

would consume a large part of the period. Accordingly, the document used to make the prima facie showing furnished evidence sufficient to destroy its effect for that purpose.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.