UNITED STATES, Appellee

v.

ROBERT A. REED, Commissaryman Seaman Apprentice, U. S. Navy, Appellant

2 USCMA 622, 10 CMR 120

No. 1321

Decided June 12, 1953

CDR Raymond van Wolkenten, USN, for Appellant.
CAPT Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

On his plea of guilty, the accused, Reed, was convicted by special court-martial of absence without leave, a violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. The convening authority approved the findings, but reduced the period of confinement and the amount of forfeitures, leaving undisturbed the bad-conduct discharge imposed. The supervisory authority, in his turn, approved the findings and sentence as presented to him. Following affirmance by a board of review, The Judge Advocate General, United States Navy, certified this question to the Court:

"Whether the sentence, as affirmed by the Board of Review, is legal?"

On petition of the accused, we granted review as to an additional issue which will be stated at an appropriate. point.

## II

The certified question requires a brief review of the history of this case.

The present one constitutes the second prosecution of the accused for this particular absence without leave. At the first trial, accused, also on his plea of guilty, was convicted. The court, considering previous convictions, sentenced him to receive a bad-conduct discharge, to be confined at hard labor for three months, and to forfeit $55.00 per month of his pay for three months. When the conviction and sentence reached the convening authority, that officer found error in the proof of previous convictions and directed a rehearing. The rehearing resulted in the conviction and sentence here in question. By the time of this rehearing, however, the errors in proof of previous convictions, which tainted the first trial, had been cured ostensibly, and the court-martial imposed on accused a sentence identical to that which had been adjudged by the first court—namely, bad-conduct discharge, confinement for three months, and forfeitures of $55.00 per month for three months. As previously noted, the convening authority acted to reduce slightly the period of

**623**

confinement and the amount of forfeitures.

Appellate defense counsel has advanced what appear to be two arguments with respect to the ■■■■■■ certified question: (1) That the convening authority, upon review of the first conviction, should not have ordered a rehearing, but instead should have directed further proceedings in revision. (2) The sentence which lawfully could have been imposed at the rehearing was limited to that which the first court could have imposed *in the absence of the proof of previous convictions.* Our recent decision in United States v. Chapman, (No. 1001), 7 CMR 14, decided January 19, 1953, completely answers both of these questions. Although Chapman arose from a rehearing ordered *by a board of review* for an error of law touching the sentence, its principles are fully applicable here. Certainly the convening authority, when presented with the record of the first trial, *could* have set aside the sentence and directed proceedings in revision under Article 62 of the Code, 50 USC § 649 for the purpose of permitting reassessment of sentence without consideration of previous convictions. However, in view of our decision in Chapman, we are sure that the officer who convened the court-martial also could—as he did—direct a rehearing because of an error *of law* touching the sentence. Our decision in Chapman also makes clear that the second court here—that which tried the case on rehearing—was free to consider legal evidence of those previous convictions the establishment of which had been faulty at the first trial. Since the instant court on rehearing imposed the same sentence as that which had been in fact—albeit unlawfully—adjudged by the first, we need not decide what the effect would be if the sentence of the second court had been more severe than that adjudged by the first. However, see the Code, supra, Article 62 (b), and Manual for Courts-Martial, United States, 1951, paragraph 92.

### III

The question raised by accused's petition for review is whether Prosecution Exhibit 5 was properly admitted in evidence at the second trial as evidence of a prior conviction. The exhibit took the form of an order publishing the result of a special court-martial trial and conviction of the accused for an earlier absence without leave. On its face it disclosed that a bad-conduct discharge had been imposed—which required, of course, that the proceedings with respect to that offense would require affirmance by a board of review before they became final. Moreover, the exhibit reflected that the convening and supervisory authorities had approved the findings and sentence, and that the latter had forwarded the record to The Judge Advocate General for reference to a board of review. No further information was set out—the exhibit did not at all reveal what action had been taken, if any, in the subject case by the board of review. From this, the accused argues that the order failed to indicate that there had been a complete "trial" of the case, in the sense of the requirement of the Uniform Code, supra, Article 44(b), 50 USC § 619(b), for the reason that it did not disclose that appellate review had been completed. Only recently we decided a similar point adversely to this contention in United States v. Larney (No. 775), 10 CMR 61, decided May 29, 1953. A case closer to the one at bar, however, is United States v. Anderson (No. 1569), 10 CMR 104, decided June 3, 1953. Although such an exhibit might well constitute prima facie proof of the previous conviction to which it relates, and—as such—be sufficient in the absence of rebuttal evidence suggesting that the conviction was *not* final, it might also, as in Anderson, contain the seeds of its own undoing. Exhibit 5 here shows on its face that the record of trial to which it relates was forwarded by the supervisory authority to The Judge Advocate General, United States Navy, on January 15, 1952, for review by a board of review. The trial below was held on March 10, 1952, something less than eight weeks later. As we pointed out in Anderson, supra,

the presence of such a brief interval between the forwarding of a record and a subsequent trial is of itself sufficient, in light of experience with the normal pace of military appellate review, to raise a strong inference of unlikelihood that review had been completed before the date of the latter event. This being so, the strength of the exhibit prima facie is destroyed.

Prosecution Exhibit 5 constituted evidence of but one of four previous convictions considered by the court-martial. Its effect, therefore, was cumulative merely, and the sentence imposed well within legal limits. However, the board of review should be afforded an opportunity to reconsider *the appropriateness* of the sentence imposed in view of our holding that Exhibit 5 was improperly admitted in evidence at the second trial.

The question certified by The Judge Advocate General, United States Navy, —interpreted within its proper context—is therefore answered in the affirmative. However, in view of our holding on the question raised by accused's petition, the record is returned to The Judge Advocate General for reference to the board of review for possible reconsideration of sentence.

Chief Judge QUINN and Judge LATIMER concur.