UNITED STATES, Appellee

v.

DON A. CLARK, Seaman Apprentice
U. S. Coast Guard Appellant

4 USCMA 650, 16 CMR 224

No. 4571

Decided August 13, 1954

Lt William E. Fuller, USCG, for Appellant.
LCdr Francis D. Heyward, USCG, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

After a plea of guilty, the accused was convicted by a special court-martial for a ten-day unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. During the sentence procedure, evidence of two previous convictions was admitted without objection, and in mitigation the accused provided sworn testimony as to the reasons for his absence. He was sentenced to receive a bad-conduct discharge, partial forfeitures of pay, and confinement at hard labor for three months. The convening authority modified the forfeitures, but otherwise affirmed the sentence, with provision for remission of the discharge. A divided board of review affirmed the modified sentence. The General Counsel of the Treasury has now filed a certificate requesting this Court to review the following issue:

"Is the evidence of two previous convictions in this case sufficient to authorize the special court-martial to award that part of the sentence in excess of thirty days' confinement and twenty days' forfeiture of pay?"

The evidence of each conviction is in the form of a certified copy of a document entitled "ACTION OF THE GENERAL COUNSEL AS SUPERVISORY AUTHORITY (Pursuant to Sec. 0107 CG Supp & Par 94 MCM 1951)," from the files of the Courts Section, Legal Division, U. S. Coast Guard, Washington, D. C. These copies were shown to be part of the official personnel records of the accused.

In form, the instruments are substantially the same. The first recites that the accused was tried by summary court-martial on February 5, 1953, appointed by the Commander, Fifth Coast Guard District; that on February 6, 1953, the convening authority approved and ordered executed so much of the adjudged sentence "as provided for confinement at hard labor for thirty (30) days and forfeiture of $44.00 for one (1) month"; that the record of trial was reviewed in accordance with Article 65(c), Uniform Code of Military Justice, 50 USC § 652; and, that the proceedings and findings are correct in law and fact and the sentence is approved. The second document refers to a trial on May 22, 1953, by special court appointed by the same authority, in which the sentence, as approved and ordered executed by the convening authority, extended to reduction to the grade of seaman recruit, confinement at hard labor for four months, and forfeitures of $25.00 per month for a like period; it concludes with the same recitals of review, under Article 65(d), and approval of the sentence. Both actions are signed by the General Counsel of the Treasury.

Inasmuch as the accused's unauthorized absence occurred in an area in which the Table of Maximum Punish-

651

ments remains unsuspended, the maximum legal sentence is confinement for thirty days and partial forfeiture of twenty days' pay. Consequently, the approved sentence can be justified only as additional punishment upon the basis of competent and sufficient evidence of previous convictions. Manual for Courts-Martial, United States, 1951, paragraph 127c, section B, page 228. The Manual authorizes such additional punishment as follows:

"If an accused is found guilty of an offense or offenses for none of which dishonorable or bad conduct discharge is authorized, proof of two or more previous convictions will authorize bad conduct discharge and forfeiture of all pay and allowances and, if the confinement otherwise authorized is less than three months, confinement at hard labor for three months."

The accused attacks the sufficiency of the prosecution exhibits on two grounds: (1) that they do not come within any recognized mode of proof of a previous conviction, and (2) that they are fatally defective for the purpose intended because they fail to show the nature of the previous offenses. Neither of these claims is tenable.

Ordinarily, a previous conviction is established by an entry in the accused's service record. Other ■ methods include the record of trial or the order publishing the results of the trial. See Manual for Courts-Martial, United States, 1951, paragraph 75b(2), page 119. Although the Manual expressly mentions these modes of proof, it clearly does not intend them to be the only methods by which a previous conviction can properly be established. We need not canvass other possibilities. Suffice it, that the exhibits here constitute competent evidence of previous convictions.

Under Article 65(c) special and summary court-martial convictions, of the kind referred to in this case, are not "previous convictions" until reviewed by an appropriate supervisory authority. See: United States v. McKnight, 4 USCMA 190, 15 CMR 190. The best

**652**

evidence that such action has been taken is the action itself. Thus, the order promulgating the results of trial, or the service record entry of a special court conviction, provide *prima facie* evidence of finality; United States v. Larney, 2 USCMA 563, 10 CMR 61. But that showing is rebuttable; and the rebuttal evidence may directly appear in the order or entry. United States v. Anderson, 2 USCMA 606, 10 CMR 104. The supervisory authority's action also provides uncontestable evidence of the finality of a summary court-martial conviction. Cf. United States v. McKnight, supra.

Secondly, the accused maintains that the phrase "evidence of previous convictions" is one of art, ■ which requires a specific showing of the character of the offenses. He argues that if the court does not have this information before it, as part of the evidence, it is unable to determine intelligently whether it should consider the previous convictions in assessing an appropriate sentence. Support for this argument is sought in the Manual provisions that the court should consider, in "the exercise of its discretion in adjudging a sentence, . . . the number and character of previous convictions," and that the maximum sentence should normally be reserved for a case in which the evidence shows previous convictions of "similar or greater gravity." Manual, supra, paragraph 76a(2), pages 121, 122. Undoubtedly, it is highly desirable that the evidence include information as to the nature of the previous offenses; but according to the Manual, the additional punishment provision does not depend upon such evidence.

In United States v. Prescott, 2 USCMA 122, 6 CMR 122, we pointed out that the additional punishment provision is not "an habitual criminal statute or the equivalent thereof." Unlike many of the habitual offender statutes, the Manual does not make mandatory an increase in a normal sentence because of previous convictions. Neither does it require that the former conviction be of a specified kind, or of equal or greater degree of seriousness. On the contrary, it expressly provides that

evidence of previous conviction "is not limited to offenses similar to the one of which the accused stands convicted." It may perhaps be desirable that other limitations be imposed. See Feld, The Court-Martial Sentence: Fair or Foul? 39 Va LR 319, 323–324 (April 1953). However, that is beyond the scope of our problem. The present Manual does not expressly require that the evidence of previous convictions show the exact nature of the former offenses. True, previous convictions "materially less grave than the offense or offenses of which the accused stands convicted" should not be used to justify a maximum sentence. Manual, supra, paragraph 76a(3), page 122. See also paragraph 76a(2). However, a description of the offense is not the only indication of its gravity. The final sentence also constitutes a generally reliable index of that fact. See Manual, supra, paragraph 76. Of course, it may have been based upon several offenses, but the court's knowledge of multiple offenses may reasonably be regarded as more harmful than beneficial to the accused. Accordingly, if properly admitted, the evidence of previous conviction here suffices as a predicate for the imposition of additional punishment.

The accused interposed no objections to the admission of the evidence. Consequently, we need not decide whether he had a right, as he now contends, to object to admission of the exhibits on the ground that they do not show the exact nature of the former offenses. Except in unusual cases, a failure to object to admission of evidence on a proper ground prevents the accused from raising the issue on appeal. United States v. Fisher, 4 USCMA 152, 15 CMR 152. No exceptional circumstances are present here. Once the evidence was properly before the court, it was, as previously shown, sufficient to permit the court to consider it in adjudging sentence.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

BROSMAN, Judge (concurring):

I concur with my brothers in this case. The principal opinion points out that the presence of additional punishments — permissible in the case of accused persons previously convicted of crime—does not make of the relevant Manual paragraph an habitual offender statute. Nonetheless it is difficult for me to see how a court-martial can— with strict accuracy — impose a sentence, based in any part on prior convictions, when its members are wholly ignorant of the nature of the crime on which the convictions were based. It seems clear to me that the thrust of the Manual provision contemplates — even demands for maximum usefulness — that the members of the tribunal concerned be furnished with this information by the Government.

I understand the Chief Judge's opinion to proceed on a theory of waiver— and this is exactly the basis on which I would decide the case. I am in accord with him here not at all for the reason that I *like* my associate's conception of waiver—contradicting, as it does, the lawful and consistent provisions of the Manual—but instead because, for better or the reverse, it expresses the law of this Court. And this, in turn, is true only because the number "two" represents the major fraction of "three." It is even arguable that the accused waived here in my —and the Manual's—usage of the term. However, I need not decide this question.

Had defense counsel objected to the evidence of previous convictions offered in the instant case, I make no doubt that it should have been ruled inadmissible. However, I do not understand the principal opinion to express a view on this point. As I see it, there is no sort of burden on the accused himself to *furnish* the information omitted from the present exhibit—although he must object if he does not wish the offered evidence to be considered by the court-martial in its abbreviated form.

This opinion, incidentally, constitutes my swan song in the sphere of waiver. My own views on the subject should be well known, and have been set out at length in United States v. Smith, 2

**653**

USCMA 440, 9 CMR 70; United States v. Fisher, 4 USCMA 152, 15 CMR 152; United States v. Henry, 4 USCMA 158, 15 CMR 158; and elsewhere. However, they are out of accord with the notions of my colleagues in the area. From this point on, therefore, I shall accept without further comment the law as it is enunciated in the majority opinions in United States v. Fisher, supra, and United States v. Henry, supra.

Once I acknowledge the admissibility here of the evidence of previous convictions, I must conclude that it was sufficient to authorize additional punishment—although a presentation of more complete information to the court-martial would have better served the purposes of law.