UNITED STATES

v.

Airman First Class Richard L. CUMBERLEDGE, FR 233–76–5827 49th Supply Squadron, Ninth Air Force (TAC).

ACM 21673 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 March 1974.

Decided 30 Dec. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

## DECISION UPON FURTHER REVIEW

FORAY, Judge:

Upon original review of the record of trial in the above entitled case, this Court affirmed the approved findings of guilty and the sentence. *United States v. Cumberledge*, No. 21673 (A.F.C.M.R. 21 Jan. 1975). Subsequent thereto, the United States Court of Military Appeals reversed the decision of this Court, set aside the action of the convening authority, and returned the record of trial to The Judge Advocate General of the Air Force for assignment to a different convening authority

and staff judge advocate for a new review and action. *United States v. Cumberledge*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975). Pursuant to the direction of The Judge Advocate General, the original action of the convening authority was withdrawn, and a new review and action was accomplished by a different convening authority. In the new action, the convening authority modified the finding of guilty of one of the offenses and approved a sentence extending to bad conduct discharge, confinement at hard labor for 10 months, forfeiture of $126.00 per month for 10 months, and reduction to airman basic.

Appellate defense counsel invite our attention to those errors urged by the accused in his request for appellate representation and those urged in their assignment of errors and brief which were submitted to this Court prior to the original review of the record of trial. Additionally, appellate defense counsel have submitted two assignments of error concerning the new review and action in this case. The errors initially assigned were correctly resolved adversely to the accused in our original decision and do not warrant our reconsideration. One of the newly submitted errors warrants our discussion, and the other we find to be without merit.

The assigned error we deem worthy of examination is a many-pointed attack on the sufficiency of the new review of the staff judge advocate. Appellate defense counsel generally assert that the new review is prejudicially deficient. Our inquiry, however, will focus on just one of the many points claimed by appellate defense counsel to have contributed to the prejudicially deficient review. This part of the assigned error avers that summaries of testimony appearing in the new review which set forth the testimony of the only two witnesses called by the prosecution to testify adversely to the accused were prejudicially erroneous and misleading to the convening authority. The author of the review wrongfully attributed the testimony of the prosecution witnesses as to acts of misconduct committed by them to be the testimo-

ny of the accused. We do not find it necessary to set forth all of the summarized testimony which was erroneously attributed to the accused. The adverse impact on the accused that this testimony would have when being reviewed by the convening authority prior to his action in the case is more than adequately illustrated by the following:

Accused testified of his own free will. He is presently in confinement as a result of his conviction by general court-martial on 1 November 1973 for the sale of heroin. For this offense he received as sentence a bad conduct discharge, forfeiture of all pay and allowances, and twelve months confinement.

He admits that since his assignment to Holloman AFB, he has stolen a stereo from another airman though that is the only theft he can recall. He considers himself part of the drug culture and subscribes to its moral code. Ergo, he has lied, stolen, cheated, and used other drugs in addition to heroin and marijuana, such as Darvon with which he has injected himself once or twice. He has also used other drugs such as morphine, demerol, and percodan which gives basically the same effect as heroin.

At the trial the accused testified in his own defense and denied any participation in the drug related offenses with which he was charged. He labeled the testimony of the two witnesses who implicated him in the offenses charged as completely untrue. His testimony denying complicity in the offenses appears in summarized form in the new post-trial review. The summary of the accused's trial testimony in the review, however, is not so broad in scope as to negate or explain the derogatory matters appearing in the summaries of the prosecution witnesses and mistakenly attributed to the accused. Neither is that summary sufficient to show that the matters wrongfully attributed to the accused were obviously in error.

Prior to taking action in the case, a convening authority is required by Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861, to forward the record of trial by a general court-martial to his staff judge advocate who must submit his written opinion thereon to the convening authority. The form and content of the review to be prepared by the staff judge advocate were established in the Manual for Courts-Martial, 1969 (Rev.), paragraph 85*b*, and, at the time of the trial of this case, that Manual provision was further implemented by Air Force Manual 111–1, Military Justice Guide, paragraph 7–3, 2 July 1973. It is at this stage of the court-martial review process that an accused has his best chance for relief because of the broad powers of the convening authority which may not be exercised by appellate military courts. *United States v. Massey*, 5 U.S.C.M.A. 514, 18 C.M.R. 138 (1955); *United States v. Rivera*, 20 U.S.C.M.A. 6, 42 C.M.R. 198 (1970); *United States v. Boatner*, 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Lindsey*, 23 U.S.C.M.A. 9, 48 C.M.R. 265 (1974). These broad powers are vested in the convening authority by Article 64, Code, 10 U.S.C. § 864, supra. Pursuant to the Article, the convening authority, when acting on the findings and the sentence of a court-martial, is empowered to approve only those findings of guilty, and the sentence of such part or amount of the sentence, as he determines to be correct in law and fact and as he in his discretion determines should be approved. See *United States v. Fields*, 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Rivera*, supra.

■ It follows, then, that in order for a convening authority to properly exercise the powers granted him by Article 64, Code, supra, he must be fairly and accurately informed in the review of his staff judge advocate of all matters which could have a substantial impact on his decision with respect to the findings and sentence in a case. Any review that is erroneous, inadequate, or misleading is not acceptable and may well be prejudicial to the substantial rights of the accused. *United States v. Rivera*, supra; *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Samuels*, 22 U.S.C.M.A. 238, 46

C.M.R. 238 (1973); *United States v. McIlveen*, 23 U.S.C.M.A. 357, 49 C.M.R. 761 (1975); *United States v. Savina*, 23 U.S.C.M.A. 414, 50 C.M.R. 296, 1 M.J. 107 (1975); *United States v. Garcia*, 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975).

At the trial, the military judge instructed the court members prior to the findings in the case concerning the effect of accomplice testimony. He instructed that the two witnesses who had testified against the accused were accomplices with the accused and that as a matter of law their testimony was uncorroborated. He properly cautioned the court members concerning the effect of the testimony of the accomplices. See Manual for Courts-Martial, supra, paragraph 153a. The convening authority was similarly advised of the effect of the testimony of the accomplices in the staff judge advocate's review.

█ The real issue before the court members in this case was that of credibility. The situation presented at the trial was that if the court members believed the prosecution witnesses, the accused would probably have been convicted. Conversely, if the court members had believed the accused rather than the prosecution witnesses, they probably would have acquitted him. Some of the evidence concerning the credibility of the prosecution witnesses which was before the court members was erroneously before the convening authority as evidence reflecting adversely upon the accused's worthiness of belief. In our view, the critical issue of credibility was not fairly and accurately presented to the convening authority in the post-trial review. The prosecution and defense evidence introduced at the trial was in delicate balance and should have been before the convening authority in the review in that same posture. See *United States v. Krokroskia*, 13 U.S.C.M.A. 371, 32 C.M.R. 371 (1962); *United States v. Britt*, 10 U.S.C.M.A. 557, 28 C.M.R. 123 (1959); Manual for Courts-Martial, supra, paragraphs 138g and 153b.

█ Appellate government counsel concede that the review erroneously attributes certain parts of the testimony of the two prosecution witnesses to the accused. However, they say that from the language and sequence of the pertinent parts of the review "it would have been readily apparent to the convening authority that each of the above references to the appellant was an inadvertent error . . . it seems clear that the attribution of their (prosecution witnesses) testimony to the appellant would have been recognized as erroneous."

A similar approach to an error contained in a post-trial review of the staff judge advocate was made by this Court in *United States v. Garcia*, 50 C.M.R. 263 (A.F.C.M.R. 1975), pet. granted, 50 C.M.R. 903, 30 May 1975. There, the preprinted cover page of the review indicated the accused had pleaded guilty to the offense of absence without leave, one of the two offenses charged, when, in fact, he had pleaded not guilty. This Court did not find any reasonable possibility that the convening authority was misled by the error or that he failed to correctly evaluate the evidence when taking action on the findings and sentence in the case with respect to the offense in question. The Court held:

> We are satisfied that the review as a whole made it manifest that the accused contested the absence charge and that the convening authority was not misled by the "slip of the pen" error on the cover page of the review.

On petition of the accused in that case, the Court of Military Appeals reversed the decision of this Court holding that the erroneous advice in the review of the staff judge advocate constituted prejudicial error. *United States v. Garcia*, 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975).

We are not convinced by the like argument of appellate government counsel in this case. We do not find that the erroneous reference to the testimony given by the two prosecution witnesses as that given by the accused to be so "readily apparent" to the convening authority as an inadvertent error. We find that the erroneous advice contained in the review was misleading to the convening authority to the prejudice of

the accused. The convening authority could not have properly weighed the credibility of the prosecution witnesses and the accused based on the summary of that testimony as presented to him in the review. Manual for Courts-Martial, supra, paragraph 87a. The erroneous advice precluded the convening authority from properly exercising his power granted by Article 64, Code, supra, with respect to his action on the findings and sentence in the case.

Ordinarily, the remedy we would provide to cure the error of the kind we find would be to return the record of trial to The Judge Advocate General, for referral to a convening authority for a new review and action. *United States v. Garcia*, supra; *United States v. McIlveen*, supra. However, before we determine whether that is the appropriate remedy, we find it necessary to evaluate the effect the holding of the Court of Military Appeals in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), has on this case. In *Goode*, the following was mandated by the Court of Military Appeals:

> This case and others coming before the Court make it apparent that the post-trial review of the staff judge advocate has occasioned recurrent complaints about what should be included in it. Similar outcries have been voiced because of the misleading nature of certain reviews. Because of these continual and often repeated claims of error, plus the delay in determining their validity and correction, we deem it appropriate and expedient to take corrective action. Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of

said service upon him will normally be deemed a waiver of any error in the review.

A copy of the post-trial review in this case was served on the military counsel who represented the accused at the trial. More than five days have elapsed since the date of the service and no correction, challenge, or comment on any matter appearing in the review has been made. Only the proof of such service has been made a part of the record of proceedings.

The *Goode* mandate clearly provides an accused's counsel the "opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." Should counsel not take advantage of that opportunity, *Goode* provides that the failure to do so will *normally* be considered a waiver of any error in the review. Not specifically stated in *Goode* are the situations contemplated in the waiver provision of the Court's mandate.

The Court of Military Appeals adopted a rule early in its history that it would not consider errors asserted for the first time on appeal. *United States v. Masusock*, 1 U.S.C.M.A. 32, 1 C.M.R. 32 (1951); *United States v. Dupree*, 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952); *United States v. Fisher*, 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954); *United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954); *United States v. Clark*, 4 U.S.C.M.A. 650, 16 C.M.R. 224 (1954); *United States v. Patrick*, 8 U.S.C.M.A. 212, 24 C.M.R. 22 (1957). However, the Court recognized two well defined and widely acknowledged exceptions to that rule. In *Stringer*, supra, the Court set forth the exceptions to the rule as follows:

> One is to the effect that an appellate court may take cognizance of clear error not assigned—that is, error apparent on the face of the record and sufficiently prejudicial as to one or more of the parties as to preclude application of the doctrine of harmless error. Under the other, an appellate court, in criminal cases, may consider claimed error which would result

in a manifest miscarriage of justice, or would otherwise "seriously affect the fairness, integrity, or public reputation of judicial proceedings."

█ In our opinion, *Goode* intended to have its rule of waiver apply only in those cases where its application would not result in a situation substantially similar to any of those set forth in *Stringer* as exceptions to the general rule that errors raised for the first time on appeal will not be considered by appellate courts.

We find that the defense counsel's failure to take advantage of the opportunity to correct or challenge the erroneous and misleading advice to the convening authority contained in the post-trial review does not constitute a waiver of that error. *United States v. Goode*, supra; *United States v. Robinson*, 1 M.J. 722 (A.F.C.M.R. 1975). The erroneous advice, in our view, prevented the convening authority from the proper resolve of the critical credibility issue in the case prior to his action. Article 64, Code, supra. The erroneous advice attributing numerous acts of misconduct not charged to the accused was sufficiently prejudicial to the rights of the accused to preclude our application of the waiver doctrine to that error. *United States v. Stringer*, supra; *United States v. Goode*, supra.

Accordingly, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to an appropriate convening authority for a new review and action.

ROBERTS, Senior Judge, concurs.

HERMAN, Judge, absent.