UNITED STATES

v.

James M. TENNENT, 244 94 2876, Lance Corporal (E–3), U. S. Marine Corps.

NCM 78 1198.

U. S. Navy Court of Military Review.

Sentence Adjudged 28 April 1978.
Decided 9 April 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before FERRELL, Senior Judge, and ROOT and GREGORY, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial bench trial of three specifications of willful disobedience of orders of superior commissioned officers and one specification of failure to obey a lawful general regulation, in violation of Articles 90 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892. The sentence approved on review below includes an unsuspended bad-conduct discharge.

In his single assignment of error on appeal, appellant contends that the military judge erred in receiving into evidence a record of prior conviction of appellant by general court-martial. He argues that the documentary evidence in question fails to establish that review of the conviction was completed and that the conviction was final. See Article 44(b), Uniform Code of Military Justice, 10 U.S.C. § 844(b); paragraph 75b(2), Manual for Courts-Martial, United States, 1969 (Revised edition). We do not concur in appellant's contention.

The evidence of prior conviction by general court-martial was set forth on a Record of Conviction by Court-Martial (NAVMC 118(13)). This form was completely filled out in all necessary respects and showed the action of the convening authority taken on 23 January 1978. The approved sentence did not include a punitive discharge or confinement of 1 year or more. For this reason, examination of the record of trial in the Office of the Judge Advocate General was required before the conviction would become final. See Article 69, Uniform Code of Military Justice. Completion of this review in the Office of the Judge Advocate General would properly have been shown on a Supplementary Record of Conviction by Court-Martial (NAVMC 118(13A)). See paragraph 4015, Marine Corps Individual Records Administration Manual (IRAM), MCO P1070.12. Neither a Supplementary Record (NAVMC 118(13A)) nor other evidence of examination in the Office of the Judge Advocate General was offered into evidence in this case.

No objection was offered by the defense to the admission of the Record of Conviction by Court-Martial (NAVMC 118(13)) which, as previously indicated, included information as to the action of the convening authority. In United States v. Larney, 2 U.S.C.M.A. 563, 570, 10 C.M.R. 61, 68 (1953), the Court of Military Appeals held:

. . . when an order publishing the result of trial or a service record entry showing conviction and the promulgation of the result of trial is admitted in evidence a prima facie showing of a former conviction has been established. The showing may be overcome by other evidence in the record or it may be rebutted by the accused, but unless there is evidence in the record from which it can be determined that subsequent steps required by the particular findings and sentence have not been completed, the conviction may be used as a basis for increasing the severity of the sentence. . . .

This holding has been cited with approval in the more recent decision in United States v. Reed, 1 M.J. 166 (C.M.A.1975). The facts of the instant case are distinguishable, however, from those in United States v. Reed, supra, and United States v. Heflin, 1 M.J. 131 (C.M.A.1975), where the service record entry in question was incomplete on its face.

Under the circumstances of this case, we find the military judge to have had before him evidence sufficient to establish a prima facie showing of a prior conviction of appellant by general court-martial. As noted above, no objection to this evidence or other rebuttal was interposed by the defense. The question then becomes whether the evidence itself may have shown the improbability of completion of final review. Cf. United States v. Anderson, 2 U.S.C.M.A.

606, 10 C.M.R. 104 (1953). In this case, the service record entry showed that the convening authority took his action on appellant's prior conviction on 23 January 1978. The current trial was being held 95 days later on 28 April 1978. Recognizing that the completion of review in this case would probably consist only of examination in the Office of the Judge Advocate General, rather than by this Court with the opportunity for the filing of pleadings and the possibility of further review by the Court of Military Appeals,[1] we find the lapse of 95 days to be sufficient to create a reasonable presumption that review was complete.

In summary, we conclude that the completed NAVMC 118(13), the absence of objection or any indication of lack of finality by the defense at trial, and the lapse of time between the convening authority's action on the prior conviction and the instant trial authorized the military judge to consider the prior conviction in determining an appropriate sentence.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge FERRELL concurs.

ROOT, Judge (dissenting):

I dissent.

Appellant's special court-martial occurred on 28 April 1978. During the presentencing portion of trial, the military judge admitted into evidence a record purporting to be that of appellant's prior general court-martial of 28 November 1977. Appellant voiced no objection to admission of that record, a NAVMC 118(13), although it failed to reflect final review of the general court-martial by the Judge Advocate General, as required under Article 69, Uniform Code of Military Justice.

Appellant now alleges that admission of the record was erroneous because the record did not indicate finality of the conviction. The Government responds that the nature of the prior general court-martial (a guilty plea to a single specification of unauthorized absence), " . . . the minimal requirement of the . . . Judge Advocate General to 'examine' the record . . ," and the period of 3 months which elapsed between the action of the general court-martial convening authority and the date of the trial below all indicate that, in the absence of an objection at trial, the conviction properly was presumed final. The Government cites *United States v. Kinsman*, No. 71 1058 (N.C.M.R. 11 June 1971) and *United States v. Speight*, No. 71 1329 (N.C.M.R. 23 June 1971), *pet. denied*, 21 U.S.C.M.A. 607, as authority for its position.

Paragraph 75*b*(2) of the *Manual for Courts-Martial, United States, 1969* (Revised Edition), provides that no previous conviction shall be admissible "until the finding of guilty has become final after review of the case has been fully completed." An order publishing the result of trial or a properly completed service record entry promulgating the result of trial have both been held to amount to a *prima facie* showing of finality, and are therefore admissible to establish a prior conviction. *United States v. Reed*, 1 M.J. 166 (C.M.A.1975), citing *United States v. Wilson*, 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957), and *United States v. Larney*, 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953). *Larney* also teaches that the inference of finality may be overcome by other evidence of record. If there is other evidence which indicates that subsequent steps required by the particular findings and sentence (in this case, an Article 69 examination by the Judge Advocate General) may not have been completed, the conviction is not admissible as a basis for increasing the severity of the sentence.

[W]hen an order publishing the result of trial or a service record entry showing conviction and the promulgation of the

---

1. We recognize that the Judge Advocate General could have directed that the record of appellant's prior general court-martial be reviewed by this Court. Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869. However, we also note that the evidence in question indicates appellant entered a guilty plea to a lengthy unauthorized absence, thereby making referral rather unlikely.

result of trial is admitted in evidence a prima facie showing of a former conviction has been established. The showing may be overcome by other evidence in the record or it may be rebutted by the accused, but unless there is evidence in the record from which it can be determined that subsequent steps required by the particular findings and sentence have not been completed, the conviction may be used as a basis for increasing the severity of the sentence. . . . *United States v. Larney*, 2 U.S.C.M.A. at 570, 10 C.M.R. at 68.

In *United States v. Anderson*, 2 U.S.C.M.A. 606, 10 C.M.R. 104 (1953), a prior record of conviction was introduced which reflected its promulgation 36 days before use of the record in the accused's trial. The Court of Military Appeals found this period too brief to allow a presumption of final review during it. Thus, the presumption of regularity of final review was overcome on the facts of the record. A similar result was reached in *United States v. Reed*, 2 U.S.C.M.A. 622, 10 C.M.R. 120 (1953), where a period of 8 weeks was found to be insufficient. In *Kinsman* and *Speight*, both *supra*, this Court found periods of 8 months and 6 months, respectively, between promulgation of the results of the prior conviction and the trial in which the record was offered to be sufficient to permit a *prima facie* showing of finality.

The previous conviction in this case involves a general court-martial. Prosecution Exhibit 1 establishes that the convening authority took his action in that case on 23 January 1978. Since the trial of the instant case took place on 28 April 1978, evidence of record establishes that there was a period of 95 days between the date of the convening authority's action in the previous case and the trial of the present case. Considering the well known vagaries of the United States mail and the bureaucratic realities of actually accomplishing a meaningful and detailed examination of a general court-martial record of trial, I do not believe 95 days to be a sufficient period of time to justify the establishment of a general presumption of finality and I would decline to

do so. In reaching this conclusion I am well aware that the Judge Advocate General had, in fact, found the proceedings, findings, and sentence as approved by the convening authority in this case to be correct in law and fact on 8 March 1978. However, that fact was not made known to the military judge and he did not have the benefit of such documentation.

I would hold that the absence of the NAVMC 118(13A) or other appropriate documentation, which would reflect final review by the Judge Advocate General, was sufficient to overcome any *prima facie* showing of finality derived from the NAVMC 118(13) issued only 95 days prior to trial. *See United States v. Larney, supra; United States v. Heflin*, 1 M.J. 131 (C.M.A. 1975).

I also think that an objection was not required at trial. "As in *United States v. Graves* [1 M.J. 50 (C.M.A.1975)], . . . the passive waiver doctrine was not triggered since the record is sufficiently complete to resolve the question raised on appeal." *United States v. Heflin, supra*, at 134.

Accordingly, in my opinion, admission of the NAVMC 118(13) and consideration of appellant's previous general court-martial for purposes of sentencing were erroneous. I would reassess the sentence.