## UNITED STATES, Appellee
v.
## WILLIAM ARTHUR COLLIER, Private, U. S. Army, Appellant
### 1 USCMA 439, 4 CMR 31

No. 367

Decided June 13, 1952

LT. COL. Stewart H. Legendre, USA, and CAPT. John R. Sennott, USA, for Appellant.

LT. COL. Thayer Chapman, USA, and 1ST. LT. Eugene L. Grimm, USA, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

This case, like that concerning Recruit John F. Parlier, United States v. Parlier, (No 347), 1 USCMA 347, 4 CMR 25, decided this day, involves the admissibility of an otherwise acceptable morning report extract copy in the absence of a notation thereon of the signature of the officer authenticating the original entry.

Petitioner was tried at Fort Sam Houston, Texas, on August 16, 1951, under a specification alleging desertion from Moore General Hospital, Swannanoa, North Carolina, from September 11, 1946, until return to military control more than 4 years later, in violation of Article of War 58, 10 USC § 1530. He was found guilty as charged and sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for 5 years. The convening authority reduced the period of confinement to one and one-half years, but, so far as is material here, approved otherwise. The record of trial was considered by a board of review in the office of The Judge Advocate General, United States Army, which, on October 19, 1951, affirmed the findings and the sentence as approved by the Commanding General, Fourth Army. Thereafter the accused, Collier, petitioned this Court for review, assigning as error the admission at the trial of Prosecution Exhibit 1, Extract Copy of Morning Report. We granted on February 25, 1952.

Like the Parlier case, supra, the record of trial here contains no other evidence establishing the inception of the unauthorized absence alleged. Consequently the legal propriety of the findings of guilty must depend on the admissibility of the challenged exhibit, a duly authenticated extract copy of the morning report of the Medical Detachment, 9967th Technical Service Unit, Moore General Hospital, Swannanoa,

North Carolina, dated October 11, 1946. The entire extracted portion of the September 12, 1946, morning report of the Medical Detachment reflected in Prosecution Exhibit 1 reads as follows:

"Collier, William A. RA14078372 Pvt Dy to AWOL 0600 hours as of 11 Sep 46"

The certificate of the custodian borne by Prosecution Exhibit 1, W.D., A.G.O. Form No 44, July 10, 1943, was signed by Paul W. MacCoy, Major, Medical Administrative Corps, Commanding, and also reads as follows:

"I . . . certify that I am the commanding officer of Med Det 9967 TSU Moore GH Swannanoa, NC and official custodian of the morning reports of said command, and that the foregoing is a true and complete copy (including any signature or initials appearing thereon) of that part of the morning report of said command submitted at Moore GH Swannanoa, N.C. for the dates indicated in said copy which relates to Collier, William A. RA14078372 Pvt Med Det 9967 TSU Moore GH Swannanoa, N.C."

The Manual for Courts-Martial, United States, 1951, paragraph 164a, page 313, treating of proof of desertion, provides as set out hereafter:

"Absence without leave is usually proved, prima facie, *by entries in the morning report* in the case of the Army Air Force and by entries in the service record or unit personnel diary in the case of the Navy, Marine Corps, and Coast Guard." [Emphasis supplied]

In keeping with this procedure, and following arraignment of petitioner, trial counsel offered in evidence Prosecution Exhibit 1, described earlier in this opinion. Objection was interposed by defense counsel on the theory inter alia that "the entry bears no signature of any kind to the extract. The authen-

tication states that any signature or initials appearing on the original are shown on the extract. This document obviously was not signed and does not qualify as an official document." After argument, the objection was overruled, and the extract copy was admitted by the law officer principally on the authority of United States v. Hatfield, 25 BR(ETO) 291. Thus the question of alleged error by the law officer was squarely raised by defense counsel at the trial and fully preserved for consideration by this Court.

Although minor factual differences exist between this case and United States v. Parlier, supra, the two involve the same fundamental problem, and for present purposes they are indistinguishable on the facts deemed material and controlling by us. We, therefore, hold that affirmance of the board of review is foreclosed by the Parlier decision, and that, for reasons set out therein, the law officer in the case at bar erred in admitting Prosecution Exhibit 1, Extract Copy of Morning Report. In doing so we are no more aware here than we were in the Parlier case of inconsistency with our holding in United States v. Masusock, (No 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951, which is clearly distinguishable on its facts.

It follows that the decision of the board of review must be reversed and the record returned to The Judge Advocate General, United States Army, for action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.