UNITED STATES, Appellee

v.

JAMES F. ENGLE, Private, U. S. Marine Corps, Appellant

3 USCMA 41, 11 CMR 41

No. 1971

Decided July 10, 1953

CDR Raymond van Wolkenten, USN, for Appellant.
CAPT Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The appellant entered a plea of guilty to two charges, the specifications thereunder alleging absence without leave for thirteen and one-half hours, and disobedience of a lawful order of a superior officer. A record of three previous convictions was received in evidence and accused was sentenced to a bad-conduct discharge, confinement at hard labor for four months and forfeiture of $60.00 per month for the same period. This sentence was approved by the convening authority, after he suspended the execution of the bad-conduct discharge until completion of appellate review or release from confinement, depending upon which was the later event. The supervisory authority approved the findings and sentence without modification.

A board of review in the office of The Judge Advocate General of the Navy concluded that Exhibits 2 and 3, showing prior convictions of the accused, were inadmissible; that the error committed in receiving them in evidence was prejudicial to the accused; and that, even had the exhibits been admissible, the sentence was excessive. The board, therefore, set aside the bad-conduct discharge and affirmed the findings and the balance of the sentence. The Judge Advocate General certified the case to this Court requesting that we determine whether Exhibits 2 and 3 were sufficient to constitute a prima facie showing of the previous convictions.

### 1

The accused, through his appellate defense counsel, filed a motion to dismiss the certificate on the grounds that this Court is without jurisdiction to proceed, as Article 67(d), Uniform Code of Military Justice, 50 USC § 654, permits us to "act only with respect to the

findings and sentence as approved by the convening authority and as affirmed or set aside as *incorrect in law* by the board of review." (Emphasis supplied.) That motion was denied, but defense counsel, in their briefs and arguments on the certified question, have renewed their attack on the jurisdiction of this Court and so we shall proceed to set forth our reasons for denial.

In its opinion the board of review, after holding the exhibits inadmissible, went on to state:

"Even had the records of previous conviction contained in prosecution exhibits 2 and 3 been such that they could have been properly admitted we do not consider that the offenses alleged and those previously committed indicate that separation of the accused from the service is necessary, and are of opinion that a bad-conduct discharge, unsuspended, is excessive punishment.

"In view of the foregoing the bad-conduct discharge is set aside. The findings, and the sentence as herein modified, are affirmed."

It is contended that the above statement constitutes a finding that the sentence was excessive as a matter of fact; and, because of this holding, this Court is precluded from acting upon the case because a judgment rendered herein could not affect the action taken by the board of review. Thus, it is argued, this Court, before considering the issue certified by The Judge Advocate General, must determine whether it will render what is, in effect, an advisory opinion. In view of the reservations set forth in the concurring opinions of Chief Judge Quinn and Judge Brosman, the views expressed on the motion to dismiss must be considered as those of the author judge.

In determining the extent of the powers granted and duties imposed upon the Court, I must, of necessity, turn to the legislation which created it. Article 67, Uniform Code of Military Justice, supra, established the United States Court of Military Appeals and subparagraph (b) provides:

"(b) The Court of Military Appeals shall review the record in the following cases:

(1) All cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;

(2) All cases reviewed by a board of review which The Judge Advocate General orders forwarded to the Court of Military Appeals for review; and

(3) All cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review."

I believe the meaning of that subparagraph is clear and unambiguous and that it imposes upon the Court an obligation to review the record in all cases forwarded by The Judge Advocate General of the services, regardless of whether our action results in an affirmance or reversal. I find nothing in the act permitting us to refuse to consider any record which has been certified. Moreover, in construing a statutory provision in which the meaning of terms is involved, an effort should be made to see the language in the same light the legislature did. For this reason, I believe reference to the congressional report on the bill when it was proposed is apropos. Senate Report No. 486, 81st Congress, 1st Session, on H. R. 4080, in which the Senate Committee on Armed Services reported to the Senate on the Uniform Code of Military Justice, uses the following language to describe the provision (page 29):

"Automatic review before the Court of Military Appeals is provided for all cases which must be approved by the President. (See AW 71.) The Judge Advocate General *may direct* that a case be reviewed by the court, and an accused may request review and will receive it where the court finds good cause." [Emphasis supplied.]

It is apparent that any discretion as to which cases (other than those involving the death penalty or general or flag officers) should reach this Court rests either with the accused or with

**43.**

The JudgeAdvocate General. Generally, we have considered that those certified by The Judge Advocate General belong in the mandatory group and this for the reason that the Congress, in using the word "shall" in Article 67(b), supra, used it in a mandatory sense.

Black's Law Dictionary, Fourth Edition, page 1541, defines "shall" as follows:

"As used in statutes, contracts, or the like, this word is generally imperative or mandatory. . . . But it may be construed as merely permissive or directory, (as equivalent to 'may,') to carry out the legislative intention and in cases where no right or benefit to any one depends on its being taken in the imperative sense, and where no public or private right is impaired by its interpretation in the other sense. . . . Also, as against the government it is to be construed as 'may,' unless a contrary intention is manifest. . . ."

No one would suggest that we have discretion as to whether we review death or general officer cases, but if I were to interpret "shall" as meaning "may" then we could refuse to entertain those types of cases. The interpretation of the word "shall" as being mandatory is not inconsistent with our procedure of refusing to hear cases on petition of the accused, as the right to review granted under subparagraph 3 is expressly made contingent upon our discretion in granting a review.

Appellate defense counsel argue strongly that subparagraph (d) of Article 67, Uniform Code of Military Justice, supra, militates against a holding that we must review the record. That provision is as follows:

"In any case reviewed by it, the Court of Military Appeals shall act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the board of review. In a case which The Judge Advocate General orders forwarded to the Court of Military Appeals, such action need be taken only with respect to the issues raised by him. In a case reviewed upon petition of the accused, such action need be taken only with respect to issues specified in the grant of review. The Court of Military Appeals shall take action only with respect to matters of law."

The above provision limiting the Court's action to matters of law is not inconsistent with a holding that we should not dismiss. The provision presupposes a review by us because it restricts our scope of review. The fact that Congress imposed that restriction has no direct bearing on the necessity to review. In most instances, a review is essential before we can determine whether the requested action deals with questions of law, fact, or mixed law and fact. We have, in many instances, after reviewing an assignment of error, concluded that the issues presented were matters of fact which were beyond the scope of our review. See United States v. McCrary, 1 USCMA 1, 1 CMR 1, decided November 8, 1951. We have also, in certain instances, decided questions certified by The Judge Advocate General which did not affect the ultimate outcome of the particular litigation. It is very seldom that a criminal case is moot and certified questions ofttimes set procedural patterns for subsequent trials. Accordingly, I believe we are required to review the record in all cases presented to us under the provisions of Article 67(b)(2), and that we should not attempt to circumvent those provisions by prematurely dismissing cases on the assumption that our opinions will be advisory. Whether we need answer all questions certified is a matter which can be determined by us on review as an answer to one may be dispositive of all, but I do not find in that power inherent authority to dismiss the certificate.

II

We turn now to a discussion of the issue certified by The Judge Advocate General of the Navy.

Paragraph 75b(2), Manual for Courts-Martial, United States, 1951, prescribes the rules governing the admission of evidence of previous convictions. It provides, in part, as follows:

"Unless the accused has been tried for an offense within the meaning of Article 44b, evidence as to the offense is not admissible as evidence of a previous conviction. See 68d (Former jeopardy).

"Subject to the rules as to documentary evidence, including the rules as to the use of copies, *previous* convictions may be proved by the order publishing the result of trial. Ordinarily, however, they are proved by the service record of the accused or an admissible copy or extract copy thereof. In the absence of objection, an offense may be regarded as having been committed during the prescribed three-year period unless the contrary appears. If the defense objects, the court shall determine the issue." [Emphasis supplied.]

Article 44(b), Uniform Code of Military Justice, 50 USC § 619, referred to in the above-quoted provision, states:

"No proceeding in which an accused has been found guilty by a court-martial upon any charge or specification shall be held to be a trial in the sense of this article until the finding of guilty has become final after review of the case has been fully completed."

The basis for the conclusion of the board of review that the questioned exhibits were not admissible is their failure to show complete appellate action and establish the finality of the previous convictions reflected therein, as required by paragraph 75b(2), Manual for Courts-Martial, United States, 1951. We have previously considered cases involving the burden of proof when some evidence of a previous conviction has been introduced by the Government. See United States v. Tiedemann (No. 615), 1 USCMA 595, 5 CMR 23, decided August 15, 1952; United States v. Larney (No. 775), 2 USCMA 563, 10 CMR 61, decided May 29, 1953; United States v. Anderson (No. 1569), 2 USCMA 606, 10 CMR 104, decided June 3, 1953; and United States v. Reed (No. 1321), 2 USCMA —, 10 CMR —, decided June 12, 1953. All of the above-cited cases involved previous convictions by special courts-martial, but because we are here concerned with summary court convictions, they do not cover the precise question raised by the record.

Article 65c, Uniform Code of Military Justice, 50 USC § 652, prescribes the appellate action to be taken on the record of a conviction by a summary court-martial. It provides as follows:

"All other special and summary court-martial records *shall be reviewed by a judge advocate of the Army or Air Force, a law specialist of the Navy, or a law specialist or lawyer of the Coast Guard or Treasury Department and shall be transmitted and disposed of as the Secretary of the Department may prescribe by regulations.*" [Emphasis supplied.]

By paragraph 91c of the Manual, supra, provision is made for forwarding a copy of the record of a trial by summary court-martial to the officer exercising general court-martial jurisdiction over the command:

"The original and two copies thereof will, after action by the convening authority, be delivered to the custodian of the personnel records of the unit, who will, in the case of an approved sentence, enter the essential date on the service record of the accused and on such other records as may be prescribed by departmental regulations. A notation that such entry has been made will be recorded on all copies of the record of trial.

"Thereafter, unless otherwise prescribed by departmental regulations, distribution of the copies of the record of trial will be made as follows: The original and one copy will be forwarded, ordinarily without letter of transmittal, to the officer exercising general court-martial jurisdiction over the command. The remaining copy will be retained in the unit files. Disposition of the retained copy will be in accordance with pertinent departmental regulations."

Supplementing the above provisions, paragraph 90e, Manual for Courts-Martial, United States, 1951, states:

**45**

*"An order promulgating the result of a trial by summary court-martial is not issued.* In lieu thereof, the action of the convening authority will be shown on all three copies of the record of trial. . . .

. . . . . . .

*"Any action taken on a summary court-martial case subsequent to the initial action of the convening authority will be promulgated in such orders as may be prescribed by pertinent departmental regulations."* [Emphasis supplied.]

Paragraph 0114b of the Naval Supplement to the Manual for Courts-Martial, United States, 1951, provides:

"The result of a trial by summary court-martial need only be promulgated to the accused. Any action taken on a summary court-martial subsequent to the initial action of the convening authority shall be communicated to the convening authority and to the commanding officer of the accused for any action required thereunder, including notation in the accused's service record or service record book."

When we consider the provisions of the Manual, together with those of the Naval Supplement to the Manual, the procedure by which review of a summary court-martial conviction is effected requires that the result of trial need only be promulgated to the accused, but that the convening authority's action should be noted on the record of trial, and entered on the service record; and that thereafter a copy of the record must be forwarded to the officer exercising general court-martial jurisdiction, who must then place his action upon the record and this action must also be noted on accused's service record.

In the instant case, after the findings of guilty had been returned, trial counsel announced that he had evidence of three previous convictions. He then requested that he be sworn, and, after testifying that he was the legal custodian of accused's service record, read into the record of trial all the data concerning the convictions. He requested that the service record be with-

drawn at the end of the trial and that a certified true copy be substituted therefor.

Prosecution Exhibit 1 shows completed appellate action so we need not consider its admissibility. Prosecution Exhibit 2 is an extract taken from accused's service record, reflecting a summary court-martial proceeding by which accused was tried and convicted on June 2, 1952. The last entry on the exhibit shows that on June 3, 1952, the convening authority approved and ordered the sentence executed. Prosecution Exhibit 3 is also an extract taken from accused's service record showing a conviction by summary court-martial on August 13, 1952. On August 13, 1952, the convening authority approved this sentence and ordered its execution. Neither Exhibit 2 nor 3 shows any subsequent action by the supervisory authority and, despite the presence of spaces on the exhibits for the entry of the action taken, those spaces are left blank.

It is well established that the service record of an accused is admissible for the purpose of showing previous convictions and that an extract copy of such a record is also admissible. United States v. Masusock (No. 15), 1 USCMA 32, 1 CMR 32, decided November 9, 1951; United States v. William Arthur Collier (No. 367), 1 USCMA 439, 4 CMR 31, decided June 13, 1952. However, the part extracted from the record must be what it purports to be and it is presumed to set forth truly and accurately all information required by regulations on the particular subject. The regulations of the Manual and its Naval Supplement require that in recording a conviction by summary court-martial any action subsequent to the approval of the convening authority must be noted in the service record of the accused. We must presume regularity in the keeping and copying of the records involved and that had action been taken by the supervisory authority it would have been duly recorded in the service record and truly reflected in the exhibits. If we do that, the exhibits affirmatively show that the officer exercising general court-martial jurisdiction has not acted. While there was no objection to their admission,

they cannot constitute evidence of finality because they deny the very thing they seek to establish. There might be a substitute for the order publishing the result of trial (Paragraph 90e, Manual for Courts-Martial, United States, 1951) were it not for the fact that any claim to finality is effectively destroyed by the affirmative showing that appellate review was not completed.

We find from information contained in the opinion of the board of review that the previous convictions had, in fact, been affirmed by the final reviewing authority prior to trial in this case. While our results are at variance with that information, this arises by virtue of failure of proof. Either of two reasons can be the cause of this and both are chargeable to the Government. The first is that the action of the officer exercising general court-martial authority was not entered on the service record of the accused as required by regulations. The second is that the extract certified as being a true copy of a portion of the service record did not contain all the necessary information which had been recorded.

The specific question certified by The Judge Advocate General of the Navy is answered in the negative. Exhibits 2 and 3 were, because of deficiencies appearing on their face, insufficient to make out a prima facie case of completion of appellate review.

The decision of the board of review is affirmed.

QUINN, Chief Judge (concurring):

I concur.

I do so by separate opinion to point out clearly that the issue raised by the question certified is presented by the record of trial, as acted upon by the board of review. We are not called upon to answer a hypothetical question, nor a problem presented in vacuo. In this respect, the instant case is to be distinguished from United States v. Thompson (No. 1673), 2 USCMA 460, 9 CMR 90, decided May 7, 1953.

BROSMAN, Judge (concurring in the result):

I concur in the result reached in the principal opinion. I do not concur outright because I do not believe it necessary in this case to pass definitively on the broad question of whether we are required by law to review every record of trial as to which a question is certified by The Judge Advocate General of one of the Armed Forces. In the absence of an issue demanding such a determination, I prefer not to deal with the problem. Here and now, at any rate, I am unready to say that there may never be a case in which a grant by this Court of a motion to dismiss in these general premises would be proper.

II

The board of review disposed of the present case by reducing the sentence imposed by the court-martial. This disposition was based on two grounds: one involving matter of law, the other matter of fact. The board might logically have relied on the first and disregarded the second. It might also have acted on the basis of the second alone and said nothing of the first. Yet its members chose to assign both grounds. Therefore, the board's decision "stands" for both.

This Court is without power to review one of these bases for the conclusion reached—that relating to adequacy of the sentence as matter of fact—for we are permitted to "act only with respect to the . . . sentence . . . as affirmed or set aside as *incorrect in law* by the board of review." (Emphasis supplied). Uniform Code of Military Justice, Article 67(d), 50 USC § 654. However, we labor under no such disability with respect to the other—that holding that Prosecution Exhibits 2 and 3 were inadmissible *as matter of law*.

It has been urged that the question certified by The Judge Advocate General is moot in that no holding of ours concerning it can possibly affect the accused—that is, can touch the ultimate action taken by the board as to him. This latter is perfectly true. It does not follow, however, that we are without power to respond to the certified question—indeed, that we are not under

a duty to do so. The board of review predicated its holding on matter of law, albeit in part only. It took reductive action as to the sentence adjudged on the ground that the court-martial's consideration of previous convictions was illegal. The question of correctness of this ruling of law—which was certainly made during the course of a controversial proceeding—is before us as a Court. This is true for the reason that the board of review's opinion is a part of any record for the present purpose, and because the record in this case has been forwarded to us for review by The Judge Advocate General of the service concerned.

If another view were to be taken, it would be possible for a service board effectively to insulate this Court through the simple device of assigning —in addition to other reasons for its decision—one deriving from its power over facts. In doing so, it could make law safely beyond the reach of review by this Court—for its alternative pronouncements would not constitute mere dicta. Indeed, each would amount to a ratio of the case. It must be perfectly clear that Congress intended no such result. In the present instance, to be sure, the members of this Court are in agreement with the board's conclusion on the prior convictions point. However, in the next case this happy result may not obtain—and we should be able to do something about it.

### III

It follows from what has been said that a grant by this Court of a motion to dismiss the certificate would have been improper. Accordingly, we should have supplied an answer to The Judge Advocate General's question—and we have done so. I would prefer to venture no further than this.