UNITED STATES, Appellee,

v.

Artis REED, Jr., Private, U. S. Army, Appellant.

No. 30,073.

U. S. Court of Military Appeals.

Sept. 19, 1975.

*Colonel Victor A. DeFiori, Major Richard J. Goddard,* and *Captain David J. Livingston* were on the pleadings for Appellant, Accused.

*Captain Joel M. Martel* and *Captain John F. Schmutz* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FLETCHER, Chief Judge:

As in *United States v. Heflin,* 23 U.S.C. M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975), the trial judge admitted into evidence a Form 20B [1] indicating a prior special court-martial conviction which did not reflect the required notation of finality. In addition, he accepted a promulgating order reflecting the same previous conviction.[2]

---

1. Department of the Army Form 20B (Insert Sheet to DA Form 20), Record of Court-Martial Conviction.

2. Special Court-Martial Order No. 256, Headquarters Command, U. S. Army Infantry Center, Fort Benning, Georgia, Sept. 10, 1973.

However, after admitting the promulgating order, the trial judge stated that he would not consider the Form 20B for any purpose.

■ Although the promulgating order did not indicate that the prior conviction was final, we previously have held that the order itself creates a prima facie showing of finality. *United States v. Wilson,* 7 U.S.C. M.A. 656, 23 C.M.R. 120 (1957); *United States v. Larney,* 2 U.S.C.M.A. 563, 10 C.M.R. 61 (1953). We also observed in *Larney,* however, that the inference of finality may be overcome by other evidence of record.

■ The absence of a finality notation on the Form 20B affirmatively established that supervisory review had not been accomplished. *United States v. Heflin, supra; United States v. Engle,* 3 U.S.C.M.A. 41, 11 C.M.R. 41 (1953). Thus, the trial judge erred in refusing to consider the Form 20B for the limited purpose of rebutting the prima facie showing of finality created by admission into evidence of the promulgating order.[3] Similarly, once the trial judge was on notice that the previous conviction was not final, he should not have considered the prior special court-martial conviction as a basis for increasing the severity of the sentence.

■ The decision of the U.S. Army Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army for resubmission to the Court of Military Review. In its discretion, the court may cure the error by reassessment of the sentence,[4] or it may return the case to the trial forum for a rehearing as to the sentence.

Judge COOK and Senior Judge FERGUSON concur.

---

3. Even though not considered by the trial judge, the Form 20B still may be examined during the course of appellate review to determine whether the consideration of other evidence at trial was proper. *United States v. DeLeon,* 5 U.S.C.M.A. 747, 756–57, 19 C.M.R. 43, 52–53 (1955).

4. When properly raised by the accused, this Court will review in appropriate cases a reassessment of a sentence by the Court of Military Review to determine whether the action taken with respect to the sentence is sufficient as a matter of law to cure a perceived prejudicial error. *Cf. United States v. Voorhees,* 4 U.S.C. M.A. 509, 543–44, 16 C.M.R. 83, 117–18 (1954).