**UNITED STATES, Appellee,**

v.

**Charles J. GRAHAM, II, Specialist Four,
U. S. Army, Appellant.**

**No. 29,413.**

U. S. Court of Military Appeals.

Feb. 20, 1976.

Captain John M. Nolan argued the cause for Appellant, Accused. With him on the brief were Colonel Victor A. DeFiori, Colo-

nel Alton H. Harvey, Lieutenant Colonel James Kucera, Captain Albert J. Berry, and Captain Michael R. Caryl.

Captain William C. Kirk argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Captain Richard T. St. Clair, and Captain Raymond Michael Ripple.

## OPINION OF THE COURT

COOK, Judge:

The question before us is the admissibility of evidence of a previous conviction in the form of an order promulgating the results of trial and the action of the convening authority. Appellate defense counsel contend that a promulgating order is inadmissible unless it has endorsed, on its face, information establishing accomplishment of the kind of review required by the Uniform Code of Military Justice, including, as provided by Army regulations, a "designation of the command in which the review was accomplished, the date, the result of the review, and . . . signature."[1]

At various times, both before and after the regulation in issue, this Court has considered versions of the same provision. We have consistently, and as recently as last term, held that a promulgating order constitutes "[a] prima facie showing of finality" of the requisite review. United States v. Reed, 23 U.S.C.M.A. 558, 50 C.M.R. 777, 1 M.J. 166 (1975). As more than 5 years elapsed between the promulgation of the order of the results of the previous trial and its proffer at the present trial, the judge was amply justified in admitting the order as evidence of the previous conviction. Nevertheless, appellate defense counsel advance a number of "policy considerations"

1. Paragraph 2–24b (4), Army Regulation 27–10 (Sept. 7, 1971), provides as follows:

    (4) Records of trial by summary courts-martial and records of trial by special courts-martial not including approved sentences to bad-conduct discharge will be reviewed by a judge advocate, normally under the supervision of the staff judge advocate of the command of the supervisory authority. Upon completion of the review and any corrective action, the judge advocate will note upon the copies of the summary or special court-martial order promulgated by the convening authority received by him the designation of the command in which the review was accomplished, the date, the result of the review, and his signature.

which, in their view, warrant overruling the previous decisions and the adoption of a construction of the regulation that would require endorsement of information on the face of the order, as to finality of review, of the kind now required for DA Form 20B (Insert Sheet to DA Form 20—Record of Previous Conviction), as a condition to its admissibility as evidence of previous conviction. *See United States v. Heflin*, 23 U.S.C. M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975). The argument has considerable appeal, but it cannot gainsay the fact that regulations pertaining to the promulgating order do not, directly or indirectly, require endorsement, as postulated by counsel.[2]

Without endorsement of information indicating the finality of review, the promulgating order is only prima facie evidence of previous conviction. It lacks even that quality if insufficient time has elapsed between promulgation and proffer at a later trial to allow for the completion of review. *United States v. Heflin, supra.* And it is entirely overcome by a DA Form 20B that has no entry indicating accomplishment of the required supervisory review. *United States v. Reed, supra.* However, the only evidence on the issue in this case is the promulgating order. Unimpeached, undisputed, and coupled with the manifest lapse of a period of time sufficient for completion of the supervisory review, it is adequate evidence of previous conviction.

The decision of the U. S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Senior Judge FERGUSON concur.

---

**2.** *See United States v. Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957).