### UNITED STATES

v.

### Airman Basic Thomas A. LACHAPELLE, FR 003–52–2102, United States Air Force.

### ACM 22710.

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 Aug. 1979.

Decided 15 Oct. 1980.

---

512

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Major Robert G. Gibson, Jr., and Major Marc G. Denkinger, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain John B. Southard, Jr., USAFR.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

Tried by a general court–martial consisting of a military judge sitting alone, the accused was convicted of various offenses involving marijuana in hashish form, violations of Articles 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 934. These offenses include conspiracy to transfer and transfer and possession of hashish on two different occasions, to which the accused pleaded guilty. He was found guilty, in spite of his pleas, of conspiracy to sell and sale of hashish. The approved sentence is dishonorable discharge, confinement at hard labor for one year and forfeiture of all pay and allowances.

Appellate defense counsel claim that the sentence must be set aside because the military judge erroneously admitted a special court–martial promulgating order as evidence of a previous conviction of the accused. They further contend that an error in the review of the staff judge advocate requires a new review and action of the convening authority. We disagree with both contentions and affirm.

During the trial of this case, which began on 2 August 1979, the military judge admitted into evidence, without objection

from the trial defense counsel, an order dated 1 February 1979 promulgating the results of a special court–martial trial held on 18 December 1978. Therein the accused was convicted of an offense of larceny and a violation of a lawful general regulation by blackmarketing, violations of Articles 121 and 92, Code, 10 U.S.C. §§ 921, 892, *supra*. This evidence was received during cross–examination of the accused prior to findings. Initially, the conviction was treated as evidence affecting the accused's credibility; later it was considered for sentencing purposes. Because the review by the supervisory authority is not reflected on the face of the order, its admissibility is attacked on appeal as not evidencing a final conviction.

At the time of trial, the Manual for Courts–Martial 1969 (Rev.) provided that to be admissible either as impeachment evidence or as a presentencing matter, a court–martial conviction must be final.[1] Finality occurs when the review has been fully completed.[2] Further, pertinent to the contention in this case, a conviction by special court–martial in which the approved sentence does not include a bad conduct discharge must be forwarded to a supervisory authority for review by a judge advocate.[3] In Air Force Manual 111–1, Military Justice Guide, 2 July 1973, Change 3 (15 November 1978), the Secretary of the Air Force prescribed certain procedures for the review. Paragraph 7–1c provides:

(1) When these records are sent for review to the officer having supervisory authority, he will have a judge advocate review them (see UCMJ, Art. 65(c), and MCM, 969 (Rev.), para. 94a(2).

After his review and any required action of the supervisory authority, the judge advocate enters on the record of trial and on all copies of the special court–martial order accompanying it:

(a) A notation that UCMJ, Article 65(c), has been complied with;

(b) The date of compliance;

(c) The designation of the command of the supervisory authority; and

(d) The judge advocate's signature, typed name, grade, armed force, and capacity. (Stamps may be used for all except the signature.)

(2) The record with two copies of the special court–martial order are filed in the office of the staff judge advocate of the command exercising general court–martial jurisdiction. One copy of the order is returned to the staff judge advocate office of the convening authority, one copy is sent to AFMPC/DPMDRR, Randolph AFB, TX 78148, and one copy is sent to the CBPO maintaining the accused's field personnel records when a conviction results.

In *United States v. Graham*, 1 M.J. 308 (C.M.A.1976), the Court of Military Appeals followed its own precedents in holding that an order promulgating the results of trial and action of the convening authority constitutes prima facie evidence of the finality of the review of the court–martial conviction. See *United States v. Reed*, 1 M.J. 166 (C.M.A.1975); *United States v. Larney*, 2 USCMA 563, 10 CMR 61 (1953); and *United States v. Tiedemann*, 1 USCMA 595, 5 CMR 23 (1952). Although concerned with an Army regulation with provisions for review very similar to those in the Air Force manual, in being urged to make the entry of the information regarding review on the face of the order a condition of its admissibility, the Court stated in pertinent part:

Without endorsement of information indicating the finality of review, the promulgating order is only prima facie evidence of previous conviction. It lacks even that quality if insufficient time has elapsed between promulgation and proffer at a later trial to allow for the com-

---

1. Manual for Courts–Martial, 1969 (Rev.), paragraphs 75*b*(2) and 153*b*(2)(*b*). For impeachment purposes, the rule as to finality has been altered by the Military Rules of Evidence, Change 3 MCM, 1969 (Rev.), effective 1 September 1980. See Rules 609(e) and (f).

2. Article 44(b), Uniform Code of Military Justice, 10 U.S.C. § 844(b).

3. Article 65(c), Code, 10 U.S.C. § 865(c), *supra* ; Manual for Courts–Martial, 1969 (Rev.), paragraph 94*a*(2).

pletion of review.... However, the only evidence on the issue in this case is the promulgating order. Unimpeached, undisputed, and coupled with the manifest lapse of a period of time sufficient for completion of the supervisory review, it is adequate evidence of previous conviction. *United States v. Graham, supra,* 309. While admittedly, the length of time between the date of the promulgating order and the trial in which it was admitted was considerably greater in *Graham* than in the case before us, we find that six months is sufficient time to allow for the completion of the review.[4]

We hold that the order was admissible as impeachment evidence and was properly considered as a prior conviction in determining an appropriate sentence.

■ Lastly, appellate defense counsel claim that an error in the staff judge advocate's review materially prejudiced the accused. The error complained of is that in a general discussion outlining procedural aspects of the case, the review identifies the substance presented as prosecution evidence as being cocaine. Elsewhere and throughout the record, the subject matter of the offenses and the real evidence presented is unequivocally referred to as marijuana in the hashish form. This, clearly, was simply a mistake, obvious to the convening authority and anyone else reading the record. In accordance with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), the review was served on counsel for the accused and his failure to correct, challenge or comment on this mistake constitutes a waiver of the error in the review. *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977); *United States v. Goode, supra; United States v. Myhrberg,* 2 M.J. 534 (A.C.M.R.1976).

The findings and sentence are correct in law and fact and are

AFFIRMED.

MILES and MAHONEY, Judges, concur.

4. By motion, which the defense did not oppose and which we hereby grant, appellate Government counsel filed with the Court a corrected copy of the promulgating order. This copy was obtained from the office of the staff judge ad-

vocate to the general court–martial convening authority and reflects appropriate entries indicating that a judge advocate's review was completed on 9 February 1979.