UNITED STATES

v.

Airman First Class Ronald B.
LOCKHART, FR 544–64–9704,
United States Air Force.

ACM S25133.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 Oct. 1980.

Decided 24 April 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Colonel Howard L. Garrett, Jr., USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

### DECISION

MAHONEY, Judge:

The accused was tried by special court-martial, military judge alone, for barracks larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. Contrary to his pleas, he was convicted of three specifications of stealing money from his roommate, and sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $150.00 per month for four months, and reduction to the grade of airman.

 An important part of the prosecution's case was the accused's voluntary admission, admitted into evidence without objection by the defense. After the prosecution rested, the defense moved for a finding of not guilty based upon insufficiency of the evidence. The asserted basis of the insufficiency was the lack of adequate corroboration for the accused's admission. This claim was untimely. In admitting the confession, the military judge determined as a matter of law that the admission was adequately corroborated by other evidence

in the case. Mil.R.Evid. 304(g).[1] Failure to object at the time the admission was offered in evidence constituted a waiver. Mil. R.Evid. 103(a)(1), 304(d)(2)(A).[2]

The findings of guilty and the sentence are correct in law and fact and, based upon the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.

1. The accused's admission was not admitted provisionally, subject to later establishment of corroboration. Mil.R.Evid. 304(g)(2). The issue of corroboration would not be before the judge, as factfinder, except in determining the weight to accord the accused's admission. Mil. R.Evid. 304(g)(1). *Weight* of the available evidence is not in issue on a motion for a finding of not guilty. Article 51(b), Uniform Code of Military Justice, 10 U.S.C. § 851(b); paragraph 71, Manual for Courts-Martial 1969 (Rev.).

2. The error assigned by appellate defense counsel was not plain error, Mil.R.Evid. 103(d), nor constitutional error, Mil.R.Evid. 103(a). *See, Shaw v. United States*, 403 F.2d 528, 530 (8th Cir. 1968); Wigmore, Evidence, §§ 2070–2074 (Chadbourn Rev. 1978). Even if we were to liberally construe the trial defense counsel's motion as one to strike the previously admitted statement, Mil.R.Evid. 103(a)(1); *United States v. Del Llano*, 354 F.2d 844 (2d Cir. *en banc* 1965), the evidence *aliunde* the accused's admission and in-court testimony was wholly adequate to establish the trustworthiness of the essential facts admitted. The admission, in turn, aided in proving the offense beyond any reasonable doubt. *See, Smith v. United States*, 348 U.S. 147, 156, 75 S.Ct. 194, 199, 99 L.Ed. 192 (1954).