**UNITED STATES, Appellee,**

v.

**Private (E–1) Johnny D. BEAUDION, SSN 571–17–7301 United States Army, Appellant.**

**SPCM 15996.**

U. S. Army Court of Military Review.

10 July 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Robert C. Rhodes, JAGC, and Captain Jon S. Pascale, JAGC, were on the pleadings for appellant.

Major Ted B. Borek, JAGC, Major John T. Edwards, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

1. Punishment was imposed under the provisions of Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (1976), using Department of the Army Form 2627, Record of Proceedings Under Article 15, UCMJ, 1 December 1978, to record the proceedings.

2. The exhibit in question is illegible rather than incomplete. Although there are no discernible markings in the disputed blocks where check marks should appear, there are faint markings in the block designated for appellant's signature. The remaining portions of the form, including the appellant's signature in the section indicating an appeal, the legal review of the appeal, the decision of the appellate authority,

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of an unauthorized absence from his unit from 2 December 1980 until 27 January 1981, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for two months, and forfeiture of $334.00 pay per month for two months. The convening authority approved the sentence. The case is before this Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (1976).

Prior to sentencing the prosecution offered four records of nonjudicial punishment (Prosecution Exhibits 1 through 4), and they were received without defense objection.[1] The appellant now contends that the military judge erred by receiving one of the records of nonjudicial punishment (Prosecution Exhibit 2) because the appellant's elections and signature are illegible on that portion of the form pertaining to a demand for trial, request for open hearing, the assistance of a spokesman, and the submission of matters in defense and extenuation.[2]

We have examined Prosecution Exhibit 2 and have concluded that it is defective, but that the error was waived by the failure of the trial defense counsel to make a timely objection. Mil.R.Evid. 103(a).[3]

We do not believe that the defects in Prosecution Exhibit 2 rise to the level of

and the appellant's signature acknowledging notification of the results of the appeal are legible.

3. Prior to the effective date of the Military Rules of Evidence, the absence of a defense objection would not have constituted a waiver. *See generally, United States v. Mack,* 9 M.J. 300 (C.M.A.1980); *United States v. Negrone,* 9 M.J. 171 (C.M.A.1980). However, the Court of Military Appeals has recognized that the Military Rules of Evidence impose a broader waiver rule than existed previously. *See, e. g., United States v. McLemore,* 10 M.J. 238, 240 n.1 (C.M.A.1981).

"plain error" contemplated in Rule 103(d), because invoking waiver will not "cause a miscarriage of justice" nor will it "impugn the reputation and integrity of the courts" or amount to "a denial of a fundamental right of the accused." *See United States v. Sims*, 617 F.2d 1371, 1378 (9th Cir. 1980); *United States v. Kilburn*, 596 F.2d 928, 935 (10th Cir.), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1517, 59 L.Ed.2d 782 (1979).

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge CLAUSE concur.