**44**

UNITED STATES, Appellee,

v.

James E. BRISTER, Airman First Class, U.S. Air Force, Appellant.

No. 41,424.
ACM S24988.

U. S. Court of Military Appeals.

Oct. 26, 1981.

For Appellant: *Colonel George R. Stevens, Captain Willard K. Lockwood, Captain Neil S. Richman,* USAFR (on petition).

For Appellee: *Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston* (on petition).

*Opinion of the Court*

PER CURIAM:

In a trial by military judge sitting alone as a special court-martial, appellant was found guilty of desertion from February 5, 1980, until March 17, 1980, when appellant was apprehended by civil authorities in Austin, Texas. He was sentenced to confinement at hard labor for 147 days, partial forfeitures, reduction to the lowest enlisted grade, and a bad-conduct discharge. The findings and sentence have been approved by the convening and supervisory authorities, and affirmed by the United States Air Force Court of Military Review. We granted review of a single issue on September 2, 1981.

After the findings of guilty were returned, the Government offered in evidence prosecution exhibit 11—the Unfavorable Information Files maintained on appellant by his unit. Among the 32 pages of this exhibit was a letter of reprimand dated April 14, 1980, which referred to a report "that... when arrested by the Travis County Sheriff's Department, on or about 17 Mar 80," appellant "had in [his] possession... a quantity of approximately 12 pounds of marihuana and associated paraphernalia." The letter continues, "Although these materials were discovered during an illegal search procedure by civilian law enforcement authorities, this in no way detracts from the seriousness of the offense."

During his initial argument on sentence, trial counsel referred to appellant's "life style" as evidenced by the "12 pounds of marihuana and paraphernalia in his possession." He also observed, "It is apparent that this quantity of marihuana is not for personal use." After defense counsel had argued, trial counsel in his final argument

on sentence once again adverted to the "12 pounds of marihuana."

The letter of reprimand was inadmissible. *United States v. Boles*, 11 M.J. 195 (C.M.A. 1981). Even though defense counsel did not object to prosecution exhibit 11 or to trial counsel's argument, we conclude that appellant is entitled to relief, for the manner in which this inadmissible evidence was used by trial counsel clearly would tend to prejudice the appellant as to the sentence imposed.

Accordingly, the decision of the United States Air Force Court of Military Review is reversed as to the sentence. The record of trial is returned to the Judge Advocate General of the Air Force for submission to the Court of Military Review for reassessment of the sentence.

COOK, Judge (dissenting):

In my dissent in *United States v. Boles*, 11 M.J. 195, 201, 202 (C.M.A.1981), I set out at length the reasons for my conviction that a letter of reprimand of the kind in issue is admissible, for sentence consideration, as a record of accused's conduct. *See* para. 75d, Manual for Courts-Martial, United States, 1969 (Revised edition). I adhere to my opinion. In any event, accepting the majority's conclusion that the letter of reprimand was inadmissible, I am not persuaded that it, or trial counsel's allegedly improper argument, influenced the trial judge to impose a more severe sentence upon the accused than he would otherwise have imposed.

The accused was charged with desertion. A government witness testified to knowing the accused from previous service association with him and that he had had periodic "contact" with the accused during accused's unauthorized absence. The accused had told him he was an unauthorized absentee. He had tried to persuade the accused "to go back," but the accused insisted he "never" would. In the early morning of the day of his apprehension by civilian police as a deserter, the accused appeared at the apart-

ment of the witness, which the witness shared with his girlfriend. The accused had a gun on his person. Informed by the witness' girlfriend that "the authorities were looking for him," the accused reflected that it "look[ed] like somebody has been putting the heat on me." He declared that if he found out who was doing it, he would "kill them." The witness took the accused to be "extremely serious," and he and his girlfriend were "terrified."

Considering the evidence, I am not surprised that defense counsel did not object to the admissibility of the letter of reprimand and to the allegedly improper statements by trial counsel, as he did to so many other actions by trial counsel. He had much more important matters to deal with; he dealt with them by conceding that the offense and what trial counsel said about the surrounding circumstances "all sort of fits together" to make imposition of a maximum sentence sound "good," but urging that the "one thing that needs to be considered" was the kind of individual the accused was. As the accused had not testified, or made an unsworn statement himself, or through counsel, there was only one source to look to for intimate details of accused's "entire life." That source was the long response the accused made to the letter of reprimand, which was attached to, and a part of, the prosecution exhibit. Defense counsel implored the judge "to look very hard" at the response. The information in accused's response was also referred to in the staff judge advocate's post-trial review to the convening authority. No objection to it was lodged by defense counsel in connection with the *Goode*[1] review.

Before the Court of Military Review, appellate defense counsel did not challenge the admissibility of the letter of reprimand, but he did dispute the propriety of trial counsel's argument as to accused's off-base possession of 12 pounds of marihuana, which was the subject of the letter. In a brief *per curiam* affirming the conviction, the Court of Military Review did not directly mention the single assignment of error, but it held "that no error materially preju-

---

1. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

dicial to the substantial rights of the appellant was committed."

I agree with trial defense counsel's assessment of the insignificance to the accused's defense of the matters now relied upon by the majority. I also agree with the Court of Military Review's implicit determination that if errors were committed in respect to those matters, the errors were not prejudicial to the accused.[2] I would, therefore, affirm the decision of the Court of Military Review.

2. *See* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).