**UNITED STATES, Appellee,**

v.

**Private E–1 Russel HANCOCK, SSN 125–40–7360, United States Army, Appellant. SPCM 16313.**

U. S. Army Court of Military Review.

30 Nov. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Judson W. Roberts, JAGC, were on the pleadings for the appellant.

Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain Peter M. Donawick, JAGC, were on the pleadings for the appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of escape from custody and an unauthorized absence from his unit, in violation of Articles 95 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 895 and 886 (1976), respectively. He was sentenced to a bad-conduct discharge, forfeiture of $330.00 pay per month for two months, and confinement at hard labor for three months. The convening authority approved the sentence.

After findings the military judge received a copy of the appellant's DA Form 2–2, Insert Sheet to DA Form 2, Record of Court-Martial Conviction, 1 November 1974, reflecting that on 21 December 1977 the appellant had been convicted by special court-martial of possession of eight ounces of marihuana (Prosecution Exhibit 6) and a copy of the promulgating order pertaining to the same conviction (Prosecution Exhibit 7). Neither document reflected that supervisory review in accordance with Article 65, Uniform Code of Military Justice, 10 U.S.C. § 865 (1976), had been completed. The trial defense counsel affirmatively stated that he had no objection to Prosecution Exhibit 6. He objected to Prosecution Exhibit 7 on the grounds that it was cumulative and that it reflected an offense which had been dismissed, citing Mil.R.Evid. 403, but he made no objection to the lack of the finality entry on the order.

■ Ordinarily, a promulgating order is *prima facie* evidence of a conviction even if the finality entry has not been endorsed thereon, if sufficient time has elapsed for completion of supervisory review. However, such *prima facie* evidence is overcome by a DA Form 2–2 which lacks the entry reflecting the required supervisory review. *United States v. Graham*, 1 M.J. 308 (C.M.A.1976); *United States v. Reed*, 1 M.J. 166 (C.M.A.1975). Prior to 1 September 1980, the effective date of the Military Rules of Evidence, defense counsel's failure to object to evidence of a previous conviction which lacked the entry reflecting completion of supervisory review did not constitute a waiver of the defect. *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975).

■ This case was tried after 1 September 1980 in accordance with the Military Rules of Evidence, which envision a broader waiver rule than previously existed. *See United States v. Gordon*, 10 M.J. 278, 279, n. 1 (C.M.A.1981); *United States v. McLemore*, 10 M.J. 238, 240 n. 1 (C.M.A.1981);

*United States v. Beaudion*, 11 M.J. 838 (A.C. M.R.1981); *United States v. Lockhart*, 11 M.J. 603 (A.F.C.M.R.1981); but *see United States v. Brister*, 12 M.J. 44 (C.M.A.1981) and *United States v. Boles*, 11 M.J. 195 (C.M.A.1981), (cases tried before the effective date of the Military Rules of Evidence) * The Military Rules of Evidence contemplate relaxation of the rules of evidence during sentencing. Mil.R.Evid. 1101(c); *see* 18 U.S.C. 3577 (1976); Fed.R.Crim.P. 32; *United States v. Mack*, 9 M.J. 300, 316 (C.M. A.1980).

█ The defects in Prosecution Exhibits 6 and 7 are foundational. The facts regarding the completion of supervisory review of a conviction by court-martial normally are readily available to counsel for either side. The purpose of Rule 103(a) is "to litigate all such matters at the trial level and to permit evidentiary foundational defects to be cured by the offering party if possible. . . ." *United States v. Taylor*, 12 M.J. 561 at p. 562 (A.C.M.R.1981), slip opinion at p. 3. Since the trial defense counsel affirmatively stated that he had no objection to Prosecution Exhibit 6, we hold that the defect arising from the lack of a finality entry was waived. Furthermore, since his objection to Prosecution Exhibit 7 was not based on lack of proof of finality, we hold that this defect likewise was waived. *See United States v. Taylor, supra,* (*Booker* objection to record of previous conviction by summary court-martial waived by failure to object); *United States v. Beaudion, supra* (defects based on illegibility of required entries and signatures on record of nonjudicial punishment waived by failure to object).

In the absence of any indication that invoking waiver will "cause a miscarriage of justice," or will "impugn the reputation and integrity of the courts" or amount to "a denial of a fundamental right of the ac-

cused," we hold that the defects in Prosecution Exhibits 6 and 7 do not rise to the level of "plain error" contemplated in Mil.R.Evid. 103(d). *See United States v. Sims*, 617 F.2d 1371, 1378 (9th Cir. 1980); *United States v. Kilburn*, 596 F.2d 928, 935 (10th Cir. 1979), *cert. denied* 440 U.S. 966, 99 S.Ct. 1517, 59 L.Ed.2d 782 (1979); *United States v. Beaudion, supra.*

The findings of guilty and the sentence are AFFIRMED.

Chief Judge CARNE concurs.

O'DONNELL, Judge, dissenting:

The problem of previous convictions vis-a-vis waiver has been moribund for some time now. The issue was apparently laid to rest in such cases as *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), and *United States v. Engle*, 3 U.S.C.M.A. 41, 11 C.M.R. 41 (1953). But alas, like the fabled phoenix, it has risen again from the ashes of its own demise.[1]

To place the issue in sharper focus, a brief analysis of the problem is indicated. The Manual for Courts-Martial, United States, 1969 (Revised edition), provides at paragraph 75*b*(2) that the prosecution may introduce evidence of previous convictions as matter in aggravation so long as final review of the convictions has been completed. Evidence of the previous convictions may be established by a record of previous convictions (DA Form 2–2). If pertinent regulations require an entry to be made in the record of previous convictions showing that final review has been accomplished, the record is admissible only if that entry was made or there is some other evidence of that final review. The absence of the entry in such a case is affirmative evidence that final review has not been accomplished. *United States v. Engle, supra.* The Court

---

\* Two judges of the Court of Military Appeals recently indicated that waiver should be applied to questions of admissibility on the merits, even for cases tried prior to 1 September 1980. *See United States v. Phinizy*, 12 M.J. 40, 43 (C.M.A.1981) (Everett, C. J., concurring; Cook, J., concurring in the result). To decline to apply waiver during sentencing may result in

the anomaly of applying stricter rules of evidence during sentencing than on findings, contrary to the expressed intent of the drafters of the Military Rules of Evidence. *See* Mil.R.Evid. 1101(c).

1. Plus ca change, plus c'est la meme chose.

of Military Appeals has held that the failure to object to an incomplete record of previous convictions does not constitute waiver. *United States v. Engle, United States v. Heflin,* both *supra.* Under the circumstances, the trial judge is not relieved of his responsibility to exclude the inadmissible evidence.

Evidence of a previous conviction may also be established by the order promulgating the results of trial. Paragraph 75*b*(2), Manual, *supra.* The Government in this event must also establish finality. This may be accomplished by a notation on the promulgating order signifying completion of review (Paragraph 2–24, Army Regulation 27–10, 26 November 1968) or in the absence of such a notation by the passage of sufficient time for review to have been accomplished. *See, United States v. Perkins,* 48 C.M.R. 975, 978 n. 2 (A.C.M.R.1974).

In the instant case the promulgating order has no notation of review, but it was published approximately four and one-half years prior to the present trial. As sufficient time had certainly elapsed to accomplish the required review, the promulgating order would generally be admissible as evidence of the earlier conviction. The difficulty here, however, is the presence of the DA Form 2–2 which has no entry showing completion of final review.[2] In a similar factual situation, the Court of Military Appeals held that an incomplete DA Form 20B,[3] since it established affirmatively that supervisory review had not been completed, overcame the presumption of finality attaching to the promulgating order, thereby rendering both documents inadmissible. *United States v. Reed,* 1 M.J. 166 (C.M.A. 1975). Accordingly, I would hold that the military judge incorrectly considered the previous conviction in this case, notwithstanding the failure of the defense to object or at least to specify the appropriate defect.

The majority holds that under Rule 103 of the Military Rules of Evidence the defect in the document was waived by failure to object and did not rise to the level of plain error under Rule 103(d). I disagree. An entry of finality on a record of previous convictions is a nonwaivable prerequisite to admission. *United States v. Heflin, supra* at 133–34; *United States v. Engle, supra.* The recent adoption of the waiver provisions of Rule 103 does not in my view change this result.

When the Court of Military Appeals in *Helfin* and *Engle* held waiver to be inapplicable, they did so not because the doctrine of waiver was unknown—waiver and to a certain extent plain error were previously recognized in military law.[4] Rather, waiver was not invoked in those cases, at least in part, because the documents in question were not what they purported to be, i.e., evidence of a conviction that had been finally reviewed. As the Court said in *Engle:* "While there was no objection to [the exhibits'] admission, they cannot constitute evidence of finality because they deny the very thing they seek to establish." 11 C.M.R. at 46–47. By the same token, the documents in the instant case are incompetent to establish a properly reviewed conviction. To the contrary, they establish just the opposite. Under the circumstance, there is nothing to waive.

In view of the nature of the previous conviction, there is a fair risk that consideration of the inadmissible documents adversely affected the severity of the sentence imposed by the military judge. Accordingly, I would reassess the sentence.

---

2. An entry of final review is required on a DA Form 2–2. Paragraph 2–25*c*, Army Regulation 27–10, 26 November 1968.

3. DA Form 20B was the precursor of DA Form 2–2. An entry of final review was required on that form.

4. *See, United States v. Huggins,* 12 M.J. 657 (A.C.M.R.1981), page 660 n.8 (concurring opinion of Judge O'Donnell).