
UNITED STATES, Appellee,

v.

Private (E–1) Phillippe L. LEMIEUX,
SSN 034–44–7879, United States
Army, Appellant.

SPCM 17112.

U. S. Army Court of Military Review.

29 June 1982.

Colonel Edward S. Adamkewicz, Jr, JAGC, Major Raymond C. Ruppert, JAGC, and Captain Joseph A. Russelburg, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain David H. Johnson, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

In this case two documents reflecting appellant's previous conviction by a summary court-martial were admitted into evidence during the presentencing proceedings. One document (Department of Defense Form 493) tended to indicate the conviction was final (although the date indicated for that purpose seems more likely to be the date of the convening authority's action, not the supervisory review that imparts finality). The other document (Department of the Army Form 2–2) did not contain the required entry of finality, and was the source document from which the first-mentioned should have been prepared. Army Reg. 27–10, para. 2–30 (1981) (same provisions in effect in 1980 when documents in this case were prepared). Timely objection on the ground that the conviction was not shown to be final was made, but overruled.

In view of the conflict, the documents were incompetent to establish a final conviction and the objection should have been sustained. *See United States v. Reed,* 1 M.J. 166 (C.M.A.1975); *United States v. Hancock,* 12 M.J. 685, 686 (A.C.M.R.1981), *reversed in part on other grounds,* 13 M.J. 227 (C.M.A.1982). Because of the result we reach, we need not also consider whether the failure of the documents to show compliance with the counsel advice requirements of *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), *vacated in part,* 5 M.J. 246 (C.M.A.1978), was plain error surviving the defense counsel's failure to object on

**970**

that specific ground. *See United States v. Taylor*, 12 M.J. 561 (A.C.M.R.1981); *cf. Hancock*, 12 M.J. at 686–87 (waiver enforced) (2–1).

The sentence imposed by the military judge included a bad-conduct discharge, which he recommended be suspended. It was not suspended.

█ The military judge's extended colloquy with appellant concerning the sentence, both before and after the judge's deliberations, shows that he considered the previous conviction significant. Because the conviction was for similar drug offenses, and in view of the judge's mention of the strength of evidence in extenuation and mitigation and his other comments regarding sentencing factors and his difficulty in arriving at an appropriate sentence, we are not convinced that the military judge would have imposed the same sentence had he not considered the previous conviction. *Cf. United States v. Gibson*, 11 M.J. 435 (C.M.A.1981) (sentence rehearing or disapproval of discharge warranted under analogous circumstances).

Other errors, assigned by appellant pro se, also have been considered and are without merit.

The findings of guilty are affirmed. The sentence is set aside. The same or a different convening authority may order a rehearing on the sentence or may reassess the sentence approving only a sentence that does not include a bad-conduct discharge or any commutation thereof. *See United States v. Bullington*, 13 M.J. 184 (C.M.A. 1982) (commutation of unaffirmable bad-conduct discharge impermissible).

Judge CLAUSE and Judge COHEN concur.